IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN ALDANA, | CASE NO. CV-F-06-0987 LJO DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| JAMES YATES, et al., | |
| Defendants. | |

A.    <u>Screening Requirement</u>

Plaintiff is proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint was transferred to this Court on July 31, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Claims

Plaintiff challenges the constitutionality of a prison regulation, Cal.Code Regs. Tit. XV, § 3377(b), alleging that he has been wrongfully ascribed an "R" suffix custody designation by a Pleasant Valley State Prison classification committee. Plaintiff contends the committee's decision was based on an arrest for a sexual assault against his domestic partner where his domestic partner later recanted and no conviction ensued. Plaintiff seeks to have the regulation as applied to him declared unconstitutional, removal of his "R" suffix custody designation and restoral of his family visitation privileges.

1.   Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976). The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Under certain circumstances, labeling a prisoner with a particular classification may implicate

a liberty interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections."). In this instance, plaintiff has not alleged any facts that establish the existence of a liberty interest with respect to the assignment of the "R" suffix designation. The assignment of an "R" suffix and the resulting increase in custody status and loss of privileges simply do not "impose [ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Neal at 830; Cooper v. Garcia, 55 F.Supp.2d 1090, 1101 (S.D. Cal. 1999); Johnson v. Gomez, No. C95-20717 RMW, 1996 WL 107275, at *2-5 (N.D. Cal. 1996); Brooks v. McGrath, No. C 95-3390 SI, 1995 WL 733675, at *1-2 (N.D. Cal. 1995). Accordingly, the court finds that plaintiff fails to state a claim upon which relief may be granted for violation of the Due Process Clause.

        2.        Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized

measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Plaintiff's allegations do not give rise to a claim for relief under the Eighth Amendment for violation of the Cruel and Unusual Punishment Clause. The assignment of the "R" suffix and the resulting increase in custody status and inability to enjoy programs and privileges are not the type of deprivations that rise to the level of an Eighth Amendment violation.

### D. Conclusion

The court finds that plaintiff's amend complaint does not contain any claims upon which relief may be granted against any of the defendants under section 1983. The court will provide plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second

        amended complaint; and

4.    If plaintiff fails to file a second amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted under section 1983.

IT IS SO ORDERED.

**Dated:**   **April 19, 2007**           **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE