1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RUBEN ALDANA,                              CASE NO. CV-F-06-0987 LJO DLB P

12              Plaintiff,                      FINDINGS AND RECOMMENDATIONS
                                                RE DISMISSAL OF ACTION FOR FAILURE
13                                              TO STATE A CLAIM UPON WHICH RELIEF
                                                CAN BE GRANTED
14
        vs.
15
     JAMES YATES, et al.,
16
              Defendants.
17   _____/

18

19
        A.      Screening Requirement
20
        Plaintiff is proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C.
21
     § 1983.  After plaintiff's amended complaint was dismissed by this court for failure to state claim,
22
     plaintiff filed an amended complaint on May 9, 2007.
23
        The court is required to screen complaints brought by prisoners seeking relief against a
24
     governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court
25
     must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous
26
     or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief
27
     from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any
28

                                                 1

1  filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

2  if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

3  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

5  relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

6  claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

7  citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

8  Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

9  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

10  425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

11  all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12         B.      Plaintiff's Claims

13         Plaintiff once again alleges that he has been wrongfully ascribed an "R" suffix custody

14  designation by a Pleasant Valley State Prison classification committee.  Plaintiff contends the committee

15  relied on a probation report which indicated that the charges were dismissed.  Plaintiff seeks to have the

16  "R" suffix custody designation removed.

17         1.      Due Process

18         The Due Process Clause protects prisoners from being deprived of liberty without due process

19  of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for

20  deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest

21  for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or

22  from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

23         The Due Process Clause itself does not confer on inmates a liberty interest in a particular

24  classification status.  See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976).  The existence of a liberty

25  interest created by state law is determined by focusing on the nature of the deprivation.  Sandin v.

26  Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state law are generally limited to

27  freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the

28  ordinary incidents of prison life."  Sandin, 515 U.S. at 484.

1         Under certain circumstances, labeling a prisoner with a particular classification may implicate

2 a liberty interest subject to the protections of due process.  Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir.

3 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the

4 subjection of the targeted inmate to a mandatory treatment program whose successful completion is a

5 precondition for parole eligibility create the kind of deprivations of liberty that require procedural

6 protections.").

7         In this instance, plaintiff has not alleged any facts that establish the existence of a liberty interest

8 with respect to the assignment of the "R" suffix designation.  Plaintiff alleges that as a result of the

9 classification, he has lost the ability to participate in job training and/or vocational programs.  Plaintiff

10 also alleges the designation will affect his parole duration and his level of control.  As plaintiff was

11 previously advised, the assignment of an "R" suffix and the resulting increase in custody status and loss

12 of privileges simply do not "impose[] atypical and significant hardship on the inmate in relation to the

13 ordinary incidents of prison life."  Sandin, 515 U.S. at 484; Neal at 830; Cooper v. Garcia, 55 F.Supp.2d

14 1090, 1101 (S.D. Cal. 1999); Johnson v. Gomez, No. C95-20717 RMW, 1996 WL 107275, at *2-5

15 (N.D. Cal. 1996); Brooks v. McGrath, No. C 95-3390 SI, 1995 WL 733675, at *1-2 (N.D. Cal. 1995).

16 Accordingly, the court finds that plaintiff fails to state a claim upon which relief may be granted for

17 violation of the Due Process Clause.

18                 D.     Conclusion

19         The court finds that plaintiff's amend complaint does not contain any claims upon which relief

20 may be granted against any of the defendants under section 1983.  The court therefore HEREBY

21 RECOMMENDS that the amended complaint be dismissed for failure to state a claim upon which relief

22 can be granted.  In doing so, the court does not recommend that leave to amend be granted as plaintiff

23 was already given the opportunity to do so and was unable to cure the deficiencies identified by the court

24 in the previous order.

25         These Findings and Recommendations will be submitted to the United States District Judge

26 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

27 after being served with these Findings and Recommendations, plaintiff may file written objections with

28 the court.  The document should be captioned "Objections to Magistrate Judge's Findings and

1   Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

2   waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3           IT IS SO ORDERED.

4           **Dated:    October 9, 2007                            /s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28